**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SHEILA CONNOLLY,** | **CIVIL ACTION NO. 26-cv-840** |
| **Plaintiff,** | **SECTION E** |
| **VERSUS** | **JUDGE SUSIE MORGAN** |
| **ABBOTT DIABETES CARE INC. and ABBOTT LABORATORIES** | **MAGISTRATE JUDGE EVA V. DOSSIER** |
| **Defendants.** | **JURY TRIAL REQUESTED** |

## COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, **SHEILA CONNOLLY**, who respectfully files the following Complaint for Damages and appropriate ancillary relief:

## I. PARTIES

1. Plaintiff, **SHEILA CONNOLLY** (hereinafter "Plaintiff"), brings this Civil Action under 28 U.S.C. § 1332, with pendent claims and/or ancillary claims under the Louisiana Products Liability Act ("LPLA"), Louisiana Revised Statute 9:2800.51 *et seq*. At all times relevant herein, Plaintiff has been and is a person of majority age, a citizen of the United State, and a resident of the State of Louisiana, Orleans Parish.

2. Defendant **ABBOTT LABORATORIES** is an Illinois corporation, with its address located at 100 Abbott Park Road, Abbot Park, Illinois, 60064.

3. Defendant **ABBOTT DIABETES CARE INC.** is a Delaware corporation with its principal place of business in Alameda, California.

4. At all times pertinent hereto, Defendants **ABBOTT LABORATORIES** and/or **ABBOTT DIABETES CARE INC.** (hereinafter referred to collectively as "Defendants") were the manufacturer, designer, constructer, and/or producer of the Freestyle Libre 2 and/or Freestyle Libre 2 Plus Continuous Glucose Monitor ("CGM").

## II. JURISDICTION & VENUE

5. This Honorable Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Complete diversity exists between the parties and the amount in controversy exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and cost.

6. Plaintiff is also entitled to relief under Louisiana Law, namely the Louisiana Products Liability Act ("LPLA"), Louisiana Revised Statute 9:2800.51 *et seq.*

7. Venue is proper in accordance with 28 U.S.C. §1391(b)(2).

## III. FACTS & ALLEGATIONS

8. Plaintiff, **SHEILA CONNOLLY**, is a Type 1 diabetic, who purchased the FreeStyle Libre 2 and/or FreeStyle Libre 2 Plus on multiple occasions beginning in approximately mid-2022 for her personal and medical use to monitor her blood glucose levels and help manage and control her diabetes.

9. On or about December 15, 2025, Plaintiff, a Type I diabetic, checked her blood sugar with her Freestyle Libre 2 and/or Freestyle Libre 2 Plus CGM and received a high reading of 190 mg/dl. Plaintiff proceeded to give herself two units of insulin, and her blood sugar reading returned to a normal level. Plaintiff had received normal blood sugar readings from her CGM in the days leading up to December 15th.

10. The following morning, Plaintiff was feeling ill and called her friend to take her to the hospital. When she arrived, Plaintiff checked her blood sugar and received a normal reading

of 167 mg/dl. As Plaintiff's condition continued to decline, Plaintiff's friend took her to the hospital. Within minutes after arriving, the hospital got a blood sugar reading of approximately 700 mg/dl and diagnosed Plaintiff with Diabetic Ketoacidosis ("DKA"), a life-threatening condition.

11. In the days leading up to the incident, Plaintiff had received normal blood sugar approximately 8-10 times per day. Upon information and belief, Plaintiff's Freestyle Libre 2 and/or Freestyle Libre 2 Plus CGM gave her a faulty "normal" blood sugar reading when she was in DKA and almost cost Plaintiff her life.

12. Following the incident, Plaintiff suffered continued sickness, disorientation, and weakness, and was forced to remain in the Intensive Care Unit at the hospital for several days, missing multiple days of work.

13. Upon information and belief, Plaintiff's Freestyle Libre 2 and/or Freestyle Libre 2 Plus CGM, which was manufactured, designed, constructed, and/or produced by Defendants, was defective due to a design and/or manufacturing flaw which caused the sensor to report falsely low glucose readings, even when users' actual blood glucose levels are normal or elevated. Plaintiff relied upon this device to make potentially life-or-death treatment decisions regarding insulin administration and carbohydrate intake. These inaccurate readings pose a serious safety risk because they prompted Plaintiff to take unnecessary corrective action and delay appropriate treatment, putting her into DKA and almost resulting in her death.

14. Plaintiff did not cause or contribute to the incident. Rather, Defendants' actions / inactions and defective product was the proximate cause of the incident described above, as well as the injuries and other damages resulting therefrom.

15. As a direct result of the incident in question, Plaintiff suffered severe, disabling, and catastrophic personal injuries, including suffering DKA, and nearly resulting in her death.

## IV. CAUSES OF ACTION

16. **ABBOTT LABORATORIES** and **ABBOTT DIABETES CARE INC.** are liable to Plaintiff under the Louisiana Products Liabilty Act ("LPLA"), Louisiana Revised Statute 9:2800.51 *et seq*.

17. **ABBOTT LABORATORIES** and **ABBOTT DIABETES CARE INC.** are liable to Plaintiff for the damages she sustained due to the following list of non-exclusive acts and/or omissions:

a. Manufacturing / designing a defective product;

b. Manufacturing / designing a product that is unreasonably dangerous in construction and/or composition because, upon information and belief, at the time the Freestyle Libre 2 and/or Freestyle Libre 2 Plus CGM that Plaintiff utilized left Defendants' control, it deviated in a material way from Defendants' manufacturing specifications or performance standards for CGMs because in that its design caused the sensor to report falsely low glucose readings;

c. Failing to create a safe product;

d. Failing to use reasonable care to provide a product free of hazards;

e. Manufacturing / designing a product that is unreasonably dangerous;

f. Failing to manufacture a product that conforms to an express warranty set forth in labeling, advertisements, packaging materials, and press releases that the Freestyle Libre 2 and/or Freestyle Libre 2 Plus CGMs provide accurate alerts for high and low blood glucose;

g. Failing to use reasonable care to provide an adequate warning about the Freestyle Libre 2 and/or Freestyle Libre 2 Plus CGMs' characteristic of providing inaccurate blood glucose readings, despite Defendants' knowledge of that characteristic either at the time the CGMs left Defendants' control or after Defendants acquired knowledge of this characteristic; and

h. Any and all other acts or omissions that will be shown at a trial of this matter.

## V. DAMAGES

18. As a result of Defendants' negligence, Plaintiff sustained severe and debilitating physical injuries as well as the following non-exclusive damages:

a. Past, present, and future medical expenses;

b. Past, present, and future physical pain and suffering;

c. Past, present, and future mental pain and suffering;

d. Past lost wages;

e. Loss of enjoyment of life; and

f. Any and all other damages that will be proven at trial.

19. Plaintiff seeks prejudgment interest as allowed by law.

## VI. JURY DEMAND

20. Plaintiff is entitled to and requests a trial by jury on all counts alleged herein.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff **SHEILA CONNOLLY**, prays that:

1. Defendants each be served with a citation and a copy of this Complaint for Damages and be required to answer same within the delays provided by law;

2. After due proceedings are conducted, there be a Judgment rendered in favor of Plaintiff, and against the Defendants jointly and in solido for all damages as are reasonable with legal interest thereon from the date of judicial demand until paid, for all costs of these proceedings, and reasonable attorney's fees; and
3. All other legal and equitable relief as this Honorable Court deems proper.

Dated: June 2, 2026

Respectfully submitted:

*/s/ Rebekka C. Veith*
Kerry J. Miller (# 24562)
Rebekka C. Veith (#36062)
C. Hogan Paschal (#38495)
Carly E. McCleskey (#40412)
Miller, Thibodeaux, Dysart, Veith, &
Paschal, LLC
643 Magazine Street, Suite 405
New Orleans, Louisiana 70130
Telephone: (504) 977-9150
Facsimile: (504) 977-9151
kmiller@mtdvp.com
rveith@mtdvp.com
hpaschal@mtdvp.com
cmccleskey@mtdvp.com

*/s/ Hugh P. Lambert*
Hugh P. Lambert (La. Bar #7933)
Jacki L. Smith (La. Bar #34769)
Brian J. Mersman (La. Bar #38624)
Madison C. Medver (La. Bar #41863)
Lambert, Zainey, Smith, & Soso, APLC
701 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-1750
Facsimile: (504) 529-2931
hlambert@lambertzainey.com
jsmith@lambertzainey.com
bmersman@lambertzainey.com
mmedver@lambertzainey.com

***Attorneys for Plaintiff***